IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-13-CV-322-KC |
| | § | |
| GRANT A. INNES and AUDIE MOLINAR, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Plaintiff's Motion to Remand and to Deny or Dismiss Defendants' Notice of Removal ("Motion to Remand"), ECF No. 3, in the above-captioned case (the "Case"). For the reasons set forth herein, the Motion is **GRANTED**.

I.   **BACKGROUND**

On August 16, 2012, Plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff") filed an Original Petition and Application for Writ of Sequestration ("Petition") against Defendants Grant A. Innes and Audie Molinar ("Defendants") in the 384th Judicial District Court of El Paso County, Texas (the "State Court"). Pet. 3.[1] Plaintiff alleged that Defendants breached a Motor Vehicle Retail Installment Sales Contract and sought, among other things, repossession of the vehicle from Defendants. *Id*. at 4-7.

---

[1] Defendants submitted numerous filings from the State Court proceeding as one exhibit to the Notice of Removal, ECF No. 1. Those filings generally lacked page numbers. To avoid confusion, the Court will cite such filings by their title, e.g., "Petition," and the page number superimposed upon them by the ECF system.

On June 18, 2013, Defendants removed the Case to the United States District Court for the Western District of Texas. Mot. to Remand, Ex. P-3. On August 13, 2013, Judge Guaderrama issued a *sua sponte* order ("Order") remanding the Case to the State Court. *Id*. at 1-4. On August 23, 2013, Defendants filed a Motion for Leave to Amend and Vacate Remand Order ("Motion to Vacate"), which Judge Guaderrama denied on August 29, 2013. Mot. to Remand, Ex. P-4. On October 15, 2013, Defendants again removed the Case to this Court. Notice of Removal 1.[2] Defendants state that removal is proper "in accordance with the provisions of 28 U.S.C. § 1443" because they "allege violations, by acts done under color of authority, of their rights to due process and the equal protection of the laws which are secured and guaranteed to them by the Fifth and Fourteenth Amendments to the United States Constitution, as well as 42 USC 1983, 1985, and 1986, and 18 USC 241 and 242." *Id*. at 3. Plaintiffs further state that they have been denied due process and equal protection of the law in the State Court, and that they cannot enforce their rights to due process and equal protection of the law in the State Court. *Id*. On October 24, 2013, Plaintiff filed the instant Motion to Remand. On November 5, 2013, Defendants filed a Motion to Deny Plaintiff's Motion to Remand and Deny or Dismiss the Notice of Removal ("Response"), ECF No. 5.

## II.   DISCUSSION

### A.   Standard

A defendant may remove a case to the federal district court in the division embracing the place where such action is pending in state court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Additionally, "some federal statutes authorize removal even

---

[2] Defendants filed an Amended Notice of Removal on October 22, 2013. ECF No. 2. It is not relevant to the disposition of this matter.

when no statutory grant of original jurisdiction to the federal courts permits an identical suit to be commenced there. The civil rights removal statute, 28 U.S.C. § 1443, is one such statute." *Moore v. Stehlak*, No. ELH-12-2727, 2013 WL 3683838, at *5 (D. Md. July 11, 2013) (quotation marks and citation omitted).

28 U.S.C. § 1443 allows the defendant in certain criminal or civil actions pending in state court to remove the case to federal court. The statute reads in pertinent part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

28 U.S.C. § 1443(1).[3]

To remove a case under 28 U.S.C. § 1443, the removing party must demonstrate that (1) the right allegedly denied him arises under a federal law "providing for specific civil rights stated in terms of racial equality;" and (2) that he cannot enforce the federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *accord City of Houston v. Club Fetish*, No. H-13-0944, 2013 WL 1767777, at *3 (S.D. Tex. April 24, 2013). "This provision has consistently been construed narrowly to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within it." *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). "The defendant bears the burden of establishing its right to removal under § 1443." *Charter Sch. of Pine Grove, Inc., v. St. Helena*

---

[3] Though Defendants do not specify that they seek removal under § 1443(1), the Court assumes that they do because they cannot seek removal under § 1443(2), which "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock,* 384 U.S. 808, 824 (1966).

*Parish Sch. Bd.*, 417 F.3d 444, 448 (5th Cir. 2005). The well-pleaded complaint rule does not apply to removals under § 1443. *See, e.g., Rogers v. Rucker*, 835 F. Supp. 1410, 1412 (N.D. Ga. 1993) (noting that § 1443 is a "statutory exception to the well-pleaded complaint rule."). Therefore, a federal question need not appear on the face of Plaintiff's complaint for the Case to be removable. *See id.*; *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).   If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the district court must remand the case. 28 U.S.C. § 1447(c).

   B.   Analysis

Defendants state in the Notice of Removal that they may remove under 28 U.S.C. § 1443 because the State Court has denied the rights guaranteed to them under the "Fifth and Fourteenth Amendments to the United States Constitution, as well as 42 USC 1983, 1985, and 1986, and 18 USC 241 and 242." Notice of Removal 3. They also allege generally "that they have been denied due process and equal protection of the law." *Id*. Plaintiff argues that remand is required because a) there is no federal question jurisdiction; b) there is no diversity jurisdiction because the amount in controversy requirement is not met; c) the Notice of Removal was not timely filed; and d) Defendants' proffered grounds for removal are barred by *res judicata* because Judge Guaderrama rejected them in the Order and in the order denying the Motion to Vacate. Mot. to Remand 1-2.

Though the cover sheet Defendants submitted with the Notice of Removal appeared to indicate that the grounds for removal included federal question and diversity, Defendants clarified in their Response that they seek removal only on the basis of 28 U.S.C. § 1443. Response 7-8. They argue in the Response that Innes "fears being arrested and incarcerated by officers of the [State Court] for being found in contempt," and that remand may lead to his

"incarceration, the loss of his private property, and an inability to enforce his God-given rights with respect to said property." *Id*. at 1-2. Defendants further argue that Innes is "seeking a way to be heard on his claim, that the Plaintiff has agreed to having been paid in full via a private settlement," such that remand "would have the effect of denying to INNES the equal protection of the law as he attempts to have his claim . . . adjudicated in a fair and impartial forum . . . . [and] remov[e] all hope that INNES will have access to due process, and the opportunity to tell his side of the story." *Id*. at 2-3.  Defendants assert that a deputy sheriff sent to repossess the vehicle in question "working in collusion with the Plaintiff, and the State Court" attempted to "unlawfully seize" the vehicle and issued an "implied threat" that Innes could be charged with criminal contempt. *Id*. at 3-4. Defendants accuse the State Court judge of being "willing to embrace the fraud rather than to investigate it or question it," and claim that the judge's decisions are "indicative of the State Court's willingness to participate in the violation of INNES's right to due process of law," and that "a reasonable person would likely conclude that the Judge of the State Court is not impartial." *Id*. at 5. They finally enumerate the ways in which their rights to due process have allegedly been violated, and argue that, because "the State Court is denying to them equal rights and equal protection of the law under color of authority," removal is permitted under § 1443. *Id*. at 6-7.

      Most of Defendants' proffered grounds for removal fail because they do not concern rights arising under federal laws "providing for specific civil rights stated in terms of racial equality," and thus do not satisfy the first prong of the *Johnson* test. *See Johnson*, 421 U.S. at 219. Defendants' arguments based on their rights to due process and equal protection of the laws, the Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and 18 U.S.C. § 241 fail for this reason. "[D]ue process of law [is] not [a] specific right[] stated in

5

terms of racial equality." *City of Houston*, 2013 WL 1767777, at *3 (citing *Gulf Water Benefaction Co. v. Pub. Util. Comm'n of Tex.*, 679 F.2d 85, 86 (5th Cir. 1982)); *see also Comm'n for Lawyer Discipline v. Neely*, No. H-8-569, 2008 WL 906529, at *2 (S.D. Tex. Apr. 3, 2008) (holding that the "possibility of an unfair trial in state court . . . [is] not . . . sufficient to support removal"). Likewise, "[a]n equal protection claim, because it does not arise under a law stated specifically in terms of racial equality, will not support § 1443 removal jurisdiction." *Smith*, 717 F. 2d at 199. "[T]he . . . Fifth . . . Amendment[] to the U.S. Constitution do[es] not provide for specific civil rights stated in terms of racial equality." *City of Houston*, 2013 WL 1767777, at *3 (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Broad . . . fourteenth amendment claims and claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983 do not satisfy the first prong of the § 1443 test." *Id.* (citing *Smith*, 717 F.2d at 194) (quotation marks omitted). "Alleging a violation of [18 U.S.C.] § 241 does not meet the first prong of the § 1443 analysis because § 241 does not contain language requiring that the conspirators act with intent to deprive the victims of equal protection of laws or include any language relating to equal rights." *North Carolina v. El-Bey*, No. 5:10-CV-246-FL, 2010 WL 3860392, at *3 (E.D.N.C. Sept. 28, 2010).

    The other three federal statutes Defendants cite at least plausibly provide for specific civil rights stated in terms of racial equality, and hence may satisfy the first prong of the *Johnson* test. 18 U.S.C. § 242 explicitly provides for civil rights stated in terms of racial equality. "Whoever, under color of any law . . . willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties . . . by reason of his color, or race [commits a crime]." 18 U.S.C. § 242. *See also El-Bey*, 2010 WL 3860392, at *3 ("[T]his provision does use language that describes equal rights in terms of racial equality."). It is unclear

whether 42 U.S.C. § 1985(3)[4] provides a specific civil right stated in terms of racial equality. *City of Houston*, 2013 WL 1767777, at * 3. One circuit has ruled that it does not, while two others have "explained that there are strong arguments on both sides in terms of jurisprudence and have not reached the issue." *Id*. (internal quote and citations omitted). The same ambiguity applies to 42 U.S.C. § 1986, liability under which is derivative of § 1985(3). *Id*; 42 U.S.C. § 1986. The Court assumes without deciding that both § 1985(3) and § 1986 describe equal rights in terms of racial equality, and these grounds for removal under § 1443 satisfy the first prong of the *Johnson* test.

Defendants cannot, however, meet the second prong of the § 1443 test, which requires that they demonstrate that they have been "denied or cannot enforce specified federal rights in the state courts due to some formal expression of state law." *See City of Houston*, 2013 WL 1767777, at *4 (citing *Gulf Water Benefaction*, 679 F.2d at 86). Defendants make only conclusory assertions that various of their rights were violated and cannot be enforced in the State Court. They provide no legal or factual support for their claims to that, for instance, the Texas laws of contracts or replevin encompass a "formal expression of state law" that will deny them or prevent them from enforcing their rights under 18 U.S.C. § 242 or 42 U.S.C. §§ 1985 and 1986. *Id*. In fact, Defendants make reference to these three statutes in only a single sentence in their Notice of Removal and do not substantively address them. *See* Notice of Removal 3.

---

[4] The Court assumes that Defendants rely on Subsection Three of 42 U.S.C. § 1985 because it concerns the deprivation of the equal protection of the laws.

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . .

42 U.S.C. § 1985(3).

Courts regularly hold that conclusory allegations such as these do not suffice to establish a right to removal under § 1443. *See, e.g., Barnes v. Lampkin*, 990 F.2d 1253, 1993 WL 129787, at *1 (5th Cir. 1993) (unpublished). The Court therefore concludes that Defendants have failed to meet their burden of demonstrating their right to removal under 28 U.S.C. § 1443. *See Charter Sch. of Pine Grove*, 417 F.3d at 448.[5]

### III. Frivolous Removals

Defendants have now twice removed the Case immediately before key proceedings against them were scheduled to take place in the State Court. They first removed the Case on June 18, 2013, two days prior to a scheduled hearing on motions to show cause and for summary judgment. *See* Register of Actions, Case No. 2012-DCV05396, JP Morgan Chase Bank, N.A., vs GRANT A INNES and AUDIE MOLINAR, available at http://casesearch.epcounty.com/PublicAccess/CaseDetail.aspx?CaseID=4593659 ("Docket"); Mot. to Remand 3. After Judge Guaderrama remanded the Case, Defendants filed the instant Notice of Removal on October 15, 2013, two days prior to the rescheduled hearing on the motions to show cause and for summary judgment. *See* Docket; Mot. to Remand 3. Both of the removals were entirely without merit. Though Defendants correctly note that Judge Guaderrama did not directly rule on the Case's removability under § 1443, Response 7-8, Judge Guaderrama denied as futile Defendants' request to amend their initial notice of removal to include essentially the grounds stated in their current Notice of Removal. *See* Mot. to Remand, Ex. P-4 at 3 n.2. Judge Guaderrama cited the *Johnson* test for evaluating the propriety of removals under § 1443, and ruled that because Defendants "merely complain[] in a conclusory way of deprivations of

---

[5] Because the Court holds that remand is required, it does not address Plaintiff's arguments as to the timeliness of removal and *res judicata*.

certain non-race-related civil rights including due process of law," they "therefore[] fail[] to give adequate grounds to invoke removal pursuant to 28 U.S.C. § 1443." *Id*. (internal quotes and citations omitted). Defendants have done nothing to cure those defects in the instant Notice of Removal.

The timing of the two removals, coupled with Defendants' failure to provide any legal support for the instant removal – particularly in light of Judge Guaderrama's explication of the pertinent standard and case law – leads the Court to infer that, at minimum, the most recent removal was frivolous and dilatory.

"[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Federal district courts have the power under this statute to "enjoin litigants who are abusing the court system by harassing their opponents." *Ganheart v. Dep't of Interior*, 58 F.3d 636, No. 94-30652, 1995 WL 371028, at *1 (5th Cir. June 2, 1995) (unpublished) (citing *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)) (quotation marks omitted). "[F]ederal courts possess inherent power . . . to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Flores v. United States*, No. EP-10-CA-59-DB, ECF No. 6, at 5 (W.D. Tex. Feb. 22, 2010) (quotation marks and citation omitted).

The Court accordingly imposes the following restrictions on Defendants to curtail their dilatory conduct: Defendants must obtain leave from a United States District Judge before filing any future notice of removal related to the Case, and they must attach copies of this Court's order and Judge Guaderrama's orders to any notice of removal or filing seeking permission to file a

notice of removal. The Court further cautions Defendants that future frivolous attempts at removal may result in monetary sanctions.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 3, is **GRANTED.** The case shall be **IMMEDIATELY REMANDED** to the 384th Judicial District Court of El Paso County, Texas. The Court further **ORDERS** that Defendants shall comply with the above-described restrictions and refrain from filing frivolous notices of removal.

**SO ORDERED.**
.
SIGNED this 7th day of November, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE