IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JP MORGAN CHASE BANK, N.A.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **EP-13-CV-322-KC** |
| | § | |
| **GRANT A. INNES and AUDIE** | § | |
| **MOLINAR,** | § | |
| | § | |
| **Defendants**. | § | |

## ORDER

On this day, the Court considered Grant A. Innes and Audie Molinar's (collectively "Defendants") Objection to Court's Order to Remand and Motion to Review and Vacate Order ("Motion to Vacate"), ECF No. 10, in the above-captioned case (the "Case"). For the reasons set forth herein, the Motion is **DENIED.**

## I.      BACKGROUND

Defendants removed the Case on October 15, 2013.[1] *See* Notice of Removal, ECF No. 1. They argued that removal was proper under 28 U.S.C. § 1443 because they were being denied various constitutional and statutory rights in the underlying state court proceeding. *See id.* at 2-3. On November 7, 2013, the Court granted Plaintiff JP Morgan Chase Bank, N.A.'s Motion to Remand. *See* Order, ECF No. 6. The Court explained that Defendants did not meet their burden of establishing a right to removal under § 1443 because they failed to demonstrate (1) that the

---

[1] On October 22, 2013, Defendants filed an Amended Notice of Removal that was not relevant to the disposition of the Motion to Remand and is not germane to the instant Motion to Vacate. *See* ECF No. 2.

rights allegedly denied them arose under federal laws "providing for specific civil rights stated in terms of racial equality," and (2) that they "cannot enforce the federal right in state court." *Id*. at 3-8 (quoting *Johnson v. Mississippi*, 412 U.S. 213, 219 (1975)). The Court additionally cautioned Defendants against filing frivolous notices of removal and ordered Defendants to obtain leave from a United States District Judge before again removing the Case. *Id*. at 8-10. Defendants now move pursuant to Federal Rule of Civil Procedure 60(b) for the Court to vacate its order remanding the Case.[2]

## II.    DISCUSSION

28 U.S.C. § 1447 governs whether an order granting remand is reviewable. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State Court from which it was removed pursuant to section 1442 or 1443 of this statute shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). Because the Case was removed pursuant to § 1443, the Court considers the merits of the Motion to Vacate. *See id*.; *see also Lange v. New Orleans Levee Dist.*, No. 98-30328, 1999 WL 197113, at *1-2 (5th Cir. 1999) (unpublished).

Defendants make two arguments in support of their Motion to Vacate. First, they argue that "if their response to the [Motion to Remand] had been considered in the court's reasoning, the court would have found that [Defendants] met the burden of demonstrating their right to removal under 28 U.S.C. § 1443." Motion to Vacate 2. They claim that

> INNES's and MOLINAR's Motion to Deny Plaintiff's Motion to Remand appears to have been given no consideration in the analysis of, and reasoning for the ORDER to Remand. Note that the opening sentence of the ORDER states "the

---

[2] Though the Motion is not styled as a Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b), Defendants state at the close of the Motion that "[u]nder Rule 60(b) FRCP, this court has the authority to vacate its ORDER to remand the case."

2

> Court considered Plaintiff's Motion to Remand and to Deny or Dismiss
> Defendants' Notice of Removal". Also note, there is no mention of INNES's and
> MOLINAR's Motion to Deny Plaintiff's Motion to Remand.

Id. at 3-4.

Defendants are incorrect. First, the Order did "mention" Defendants' Response to the

Motion to Remand. *See* Order 2 ("Defendants filed a Motion to Deny Plaintiff's Motion to

Remand and Deny or Dismiss the Notice of Removal ("Response")."). Moreover, the Order took

note of the arguments Defendants made in the Response – the same arguments that Defendants

now largely recapitulate in the Motion to Vacate. *See id*. at 4-5 (summarizing Defendants'

arguments); Motion to Vacate 3-7. The Court accordingly rejects Defendants' contention that a

*de novo* consideration of their arguments merits vacatur of the Order.

Second, Defendants argue that the Court incorrectly interpreted § 1443, because

> [t]he protection of § 1443 cannot be limited to the two prong Johnson test. To
> construe it as such would be to find Congress only intended § 1443 for issues
> arising under racial equality. That is patently ridiculous. While the Johnson two
> prong test may apply under some cases arising under racial equality as was the
> case in Johnson v. Mississippi, 421 U.S. 213 (1975), racial equality is not the
> "civil right" at issue in this case, it is the civil right of due process of the law
> pursuant to the Fifth and Fourteenth Amendments which state that no person shall
> be "deprived of life, liberty or property without due process of law". The right to
> not being deprived of property without due process of law when violated by a
> State Court is protected by § 1443 is sufficient of itself to meet the standards of §
> 1443. A racial equality issue is not required in addition to due process violations
> in order to meet the requisites of § 1443.

Id. at 5-6.

Defendants' argument is unavailing. While Defendants may believe that it is "patently

ridiculous" that removal under § 1443 is available *only* when the rights allegedly being violated

arise under federal laws "providing for specific civil rights stated in terms of racial equality," the

Supreme Court of the United States has held otherwise. *See Johnson*, 412 U.S. at 219.

Defendants' alleged deprivation of due process in the state court is simply not a grounds for

removal under § 1443. *See, e.g.*, *City of Houston v. Club Fetish*, Civil Action No. H-13-0944, 2013 WL 1767777, at *3 (S.D. Tex. Apr. 24, 2013) (citing *Gulf Water Benefaction Co. v. Pub. Util. Comm'n of Tex.*, 679 F.2d 85, 86 (5th Cir. 1982)) ("[D]ue process of law [is] not [a] specific right[] stated in terms of racial equality."); *see also Comm'n for Lawyer Discipline v. Neely*, No. H-8-569, 2008 WL 906529, at *2 (S.D. Tex. Apr. 3, 2008) (holding that the "possibility of an unfair trial in state court . . . [is] not . . . sufficient to support removal.").

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Vacate, ECF No. 10, is **DENIED.**

**SO ORDERED.**

SIGNED this 20th day of November, 2013.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4